

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
ATTORNEY GENERAL

November 17, 1959

This Opinion
Overrules Opinion
# V-147
Where conflicts

Honorable C. V. Milburn
County Attorney
County of Ector
Odessa, Texas

Opinion No. WW-731

Re: Whether county funds
may be used to pay
all or any part of a
plan to provide hos-
pitalization insur-
ance for county offi-
cials and employees.

Dear Mr. Milburn:

You have requested an opinion from this office on whether House Bill No. 838, Acts of the 56th Legislature, Regular Session, 1959, Chapter 268, Page 585, set out below, authorizes the county to pay all or part of the hospitalization insurance of county officials and employees.

> "Section 1. The Commissioners Court of any county may adopt any insurance plan, as they deem necessary, to provide hospitalization insurance to any county official, deputy, assistant, and/or any other county employee.

> "Sec. 2. The fact that the present law contains no authority for the several counties to provide hospitalization insurance to its employees and the need therefor creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and such Rule is hereby suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted."

Prior to the enactment of House Bill No. 838, the counties had the power to procure contracts insuring county officials and employees under Article 3.51, Vernon's Civil Statutes.

"Sec. 1. The State of Texas and
each of its political, governmental and
administrative subdivisions, departments,
agencies, association of public employees,
and the governing boards and authorities
of each State university, college, common
and independent school districts or of any
other agency or subdivision of the public
school system of the State of Texas are
authorized to procure contracts insuring
their respective employees or any class or
classes thereof under a policy or policies
of group health, accident, accidental death
and dismemberment, and hospital, surgical,
and/or medical expense insurance. . . ."

In addition to this the Legislature passed Article
2372h, Section 2, Vernon's Civil Statutes, allowing
counties having a population of over 500,000 to provide
hospitalization benefits for county officials and em-
ployees and to provide for payments of premiums. In line
with this legislative history it is clear that House Bill
No. 838 was passed in order to allow counties having a
population of less than 500,000 to choose a hospitaliza-
tion plan that is suitable for the particular county con-
cerned.

An analysis of the text of House Bill No. 838 dis-
closes that the Commissioners Court may adopt any (Emphasis
ours) hospitalization insurance plan to provide hospitali-
zation for county officials and employees.

The situation here is somewhat analogous to the one
facing the San Antonio Court of Civil Appeals in Dancy,
County Judge, et al v. Davidson, 183 S.W. 2d 195 (Tex. Civ.
App. 1944, writ ref.). The problem facing the Court there
was whether the Commissioners Court could purchase buildings
to office county agencies other than in the county seat.
Article 2351, Vernon's Civil Statutes, provides that the
Commissioners Court shall:

". . . 7. Provide and keep in repair
court houses, jails and other necessary
buildings."

The Court quoted with approval an Indiana case which held that "The power to provide includes the power to purchase." Swartz v. Board of Commissioners of Lake County, 158 Ind. 141, 63 N.E. 31.

In the present situation the Commissioners Court has the power to adopt any hospitalization plan, and in line with the reasoning of the Court in Dancy, County Judge, et al v. Davidson, supra, it has the power to pay part or all of the premiums.

Prior Attorney General's Opinion V-147 barred payment of insurance premiums out of State or County funds under Article III, Sections 51, 52, 53 of the Texas Constitution. The Texas Supreme Court has, however, held:

> ". . . It is academic to say the Legislature has power to pass any law which its wisdom suggests that is not forbidden by some provisions of the Constitution (federal or state). If the pension provided for in this act is a gratuity or donation to the beneficiary, it is clearly forbidden by the fundamental law. On the other hand, if it is a part of the compensation of such employee for services rendered to the city, or if it be for a public purpose, then clearly it is a valid exercise of the legislative power." Byrd v. City of Dallas, et al, 118 Tex. 28, 6 S.W. 2d 738 (1928).

The Court went on to hold that the pension concerned was not a gratuity but was part of the compensation of the individuals. In our opinion this same reasoning applies in the present case and as long as this insurance is part of the compensation of the employees and there is statutory authority for such expenditures the county may pay all or part of the premiums.

In light of this opinion by the Supreme Court of Texas and the statute in question, this opinion overrules Attorney General's Opinion O-147 insofar as they conflict.

It is our opinion that the counties can pay all or part of the hospitalization insurance premiums of county

Honorable C. V. Milburn, page 4 (WW-731)

officials and employees if the Commissioners Court adopts a plan calling for such payment.

## SUMMARY

The counties can pay all or part of the hospitalization insurance premiums of county officials and employees under the provisions of House Bill No. 838.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _John C. Steinberger_
John C. Steinberger
Assistant

JCS:ms

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Zellner J. Turlington
Mary K. Wall
Robert T. Lewis

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert